UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEIK SALEH MOHAMMED
ALI S. BAKABAS,

                Plaintiff,        Civil Action No. 14-10039
                                          Honorable Mark A. Goldsmith
v.                                        Magistrate Judge David R. Grand

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

**I.    PROCEDURAL HISTORY**

On or about December 9, 2013, Plaintiff Sheik Saleh Mohammed Ali S. Bakabas ("Plaintiff") filed an action in the Wayne County Circuit Court against Federal Home Loan Mortgage Corporation ("Defendant"), seeking to set aside a foreclosure. (Doc. #1). On January 6, 2014, this action was removed to this Court on the basis of diversity jurisdiction. (*Id.*). On March 25, 2014, this case was referred to the undersigned for all pretrial purposes by District Judge Mark A. Goldsmith. (Doc. #13).

Defendant filed a motion for summary judgment on September 4, 2014. (Doc. #18). That same day, this Court issued an Order Requiring Response to Defendant's Motion for Summary Judgment, indicating that the deadline for Plaintiff's response to Defendant's motion was September 29, 2014. (Doc. #19). In that Order, Plaintiff was specifically advised that, "**Failure to file a response may result in a recommendation that Defendant's motion be granted as unopposed.**" (*Id.* at 1). On October 1, 2014, when Plaintiff had failed to file a timely response to Defendant's motion, the Court issued an Order to Show Cause, ordering

Plaintiff to show cause, in writing, on or before October 10, 2014, why this Court should not recommend that his complaint be dismissed due to his failure to oppose that motion. (Doc. #20). In the alternative, Plaintiff was advised that he could file a response to Defendant's motion by October 10, 2014. (*Id.* at 1). In that Order, Plaintiff was warned that, "**Failure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendant's motion, will result in a recommendation that Defendant's motion be granted and/or that Plaintiff's action be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).**" (*Id.* at 1-2 (emphasis added)). A review of the docket indicates that Plaintiff has neither responded in writing to the Court's Order to Show Cause, nor filed a response to Defendant's motion.[1]

## II. ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion

---

[1] In fact, it appears that Plaintiff, who has been representing himself *pro se* since February 26, 2014, when the Court entered an Order granting his prior counsel's motion to withdraw (Doc. #11), has failed to participate in this case's required proceedings. (Doc. #15; 4/22/14 Docket Entry).

by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. In its Order Requiring Response, Plaintiff was advised that his failure to timely respond to Defendant's motion could result in a recommendation that the motion be granted as unopposed. (Doc. #19). And, in its Order to Show Cause, the Court expressly warned Plaintiff that his case would be dismissed if he failed to file a response to Defendant's motion or to the Order to Show Cause. (Doc. #20). Yet Plaintiff failed to respond, meaning that the first[2] and third factors weigh in

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness,

3

favor of dismissal. As to the second factor, Defendant is prejudiced by having this action pending against it without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of his claims. Indeed, since February 26, 2014, when Plaintiff began representing himself in this case, he has completely failed to participate in these proceedings – failing to participate in the drafting of a Rule 26(f) discovery plan, failing to appear for a court-ordered scheduling conference, failing to file a witness list, and, now, failing to respond to the pending dispositive motion – all of which severely prejudices Defendant. Finally, given Plaintiff's failure to file a response as ordered – as well as his complete failure to participate in this litigation – the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

---

bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint **[1]** and his claims against Defendant be **DISMISSED WITH PREJUDICE,** and that Defendant's Motion to Dismiss **[18]** be **DENIED** as **MOOT**.

Dated: October 21, 2014                           s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2014.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager